Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Proposed Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| ODONATA LTD.., | Case No. 22-10946 |
| d/b/a Cowlicks Japan, | |

Debtor.
-------------------------------------------------------x

### DECLARATION PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

ANGEL NIEVES, hereby declares as follows under penalty of perjury:

1.      I am the sole officer, director and 94% shareholder of Odonata Ltd. d/b/a Cowlicks Japan, the debtor and debtor-in-possession herein (the "Debtor"). I am familiar with the facts and circumstances as recited herein. This affidavit is submitted pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York.

2.      The Debtor operates a Japanese-centric hair salon named "Cowlicks Japan" located at 137 West 19th Street, New York, New York (the "Premises").

3.      On July 6, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court. The Debtor intends to remain in possession of its property and to continuing to manage its business and affairs as a debtor-in-possession. This is a "small business case" case within the meaning of § 101(51C) of the Bankruptcy Code.

4.     The Debtor's chapter 11 filing was precipitated by its inability to negotiate a new lease with its landlord, Baja 137 LLC (the "Landlord"), with respect to the Premises. Specifically, the Debtor's hair salon business and operating revenues significantly declined as a result of the emergency COVID-19-related public health restrictions and mandates that were imposed on hair salons and other businesses deemed "non-essential". Unfortunately, the Debtor was not able to secure reasonable concessions the Landlord with regard to the Debtor's financial obligations under its lease and the Landlord refused to agree to any modification of the written terms of the lease. As a result, on March 8, 2021, the Debtor tendered a written Surrender Declaration to the Landlord with respect to the Premises.

5.     Immediately, thereafter, and at the Landlord's urging, the parties engaged in extensive negotiations concerning an amendment to the lease that would permit the Debtor to remain in the Premises. However, after all of the terms had been agreed to and the Debtor had signed the written lease amendment that had been negotiated, the Landlord refused to countersign the lease amendment and, instead, attempted to renegotiate the deal on terms more favorable to the Landlord. In the interim, the lease for the Premises expired by its terms.

6.     In July 2021, the Debtor commenced a state court action seeking to enforce the agreed-upon amendment to the lease and/or for damages resulting from the Landlord's fraudulent conduct in refusing to sign/perform the lease amendment (which the state court characterized as a "bait and switch"). In response, the Landlord filed its own state court action seeking to recover amounts allegedly owed by the Debtor under the expired lease (as well as to enforce the personal guaranty which I executed with respect to the expire lease). The Debtor's causes of action to enforce or recover damages for breach of the lease amendment were dismissed.

7.      Further proceedings in the two actions were subsequently stayed pending the outcome of the Debtor's appeal from said dismissal. However, on June 28, 2022, the appellate court affirmed the trial court's decision. As a result, only the Debtor's claim against the Landlord for fraud damages and the Landlord's claims to recover the amounts allegedly owed under the expired lease and guaranty remain pending.

8.      The Debtor believes that it can successfully and expeditiously exit chapter 11.

9.      Pursuant to LBR 1007-(a)(3), no committee of creditors of the Debtor was formed prior to the Petition Date.

10.     Pursuant to LBR 1007-2 (a)(4), a list containing the names and addresses of the entities believed to be the twenty largest unsecured creditors of the Debtor, excluding insiders, is simultaneously being filed with the Court.

11.     Pursuant to LBR 1007-2(a)(5), a list containing the names and addresses of the entities believed to be all of the Debtor's secured creditors have been listed in the Debtor's Schedule D which is simultaneously being filed with the Court.

12.     Pursuant to LBR 1007-2(a)(6), an approximate summary of the Debtor's assets and liabilities are set forth in the Debtor's Schedules A/B, D, and E/F which are simultaneously being filed with the Court.

13.     Pursuant to LBR 1007-2(a)(7), the issued and outstanding equity interests in the Debtor are all held as follows:  (a) Angel Nieves – 94%; and (b) Jeanette Ayala - 6%.

14.     Pursuant to LBR 1007-2(a)(8), to the best of my knowledge, there is no property of the Debtor in the possession or custody of any public officer, receiver, trustee, pledgee, assignee of rents, liquidator, secured creditor, or agent of any such person.

3

15.     Pursuant to LBR 1007-2(a)(9), the Premises is the only real property owned, leased or held by the Debtor.

16.     Pursuant to LBR 1007-2(a)(10), all of the Debtor's corporate books and records are located at the Premises.

17.     Pursuant to LBR 1007-2(a)(11), to the best of my knowledge and belief, the only pending or threatened actions or proceedings to which the Debtor is a party are as follows:

| Case Title | Court/Case No. | Description | Status |
|---|---|---|---|
| *Odonata Ltd. d/b/a Cowlicks Japan v. Baja 137 LLC, et al.* | Supreme Court of the State of New York, New York County, Index No. 654257/2021 | Fraud Damages (Consolidated With Index No. 656087/2021) | Pending |
| *Baja 137 LLC v. Angel Nieves, et al.* | Supreme Court of the State of New York, New York County, Index No. 656087/201 | Breach of Lease/Enforcement of Guaranty (Consolidated With Index No. 654257/2021) | Pending |

18.     Pursuant to LBR 1007-2(a)(12), the Debtor's operations are managed solely by me as its sole officer and director.

19.     Pursuant to LBR 1007-2(b)(1), the Debtor presently has two (2) full-time employees, one (1) part-time employee and two (2) to three (3) freelance workers (on commission). The Debtor estimates that its gross payroll for employees exclusive of officers for the thirty (30) day period following the Petition Date will be approximately $21,600.

20.     Pursuant to LBR 1007-2(b)(2), the amount proposed to be paid for services for the thirty (30) day period following the Petition Date to me as the sole officer and director of the Debtor is $8,000.

21.    Pursuant to LBR 1007-2(b)(3), the Debtor anticipates that it will have receipts totaling approximately $37,000 during the thirty (30) day period following the Petition Date. The Debtor's expenses for the same period (including payroll) should total approximately $35,000.

22.    The Debtor believes that under the supervision of the Bankruptcy Court, it will be able to pay its creditors substantially more than they would receive if the Debtor went through a forced liquidation.

23.    I hereby declare, pursuant to 28 U.S.C. §1746 and under penalties of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Dated: July 6 , 2022

ANGEL NIEVES